UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA        :    INFORMATION

      -v.-                      :    S1 09 Cr. 769 (PAC)

EDWIN SEGARRA,                  :

          Defendant.        :

- - - - - - - - - - - - - - - - -x

## COUNT ONE

The United States Attorney charges:

1. From at least in or about 1997 up to and including in or about 2009, in the Southern District of New York and elsewhere, EDWIN SEGARRA, the defendant, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, SEGARRA, the defendant, and others known and unknown, agreed together to commit armed robberies of and to extort individuals – including suspected drug dealers – involved in activities that affected interstate commerce.

(Title 18, United States Code, Section 1951.)

## COUNT TWO

The United States Attorney further charges:

2.   From at least in or about 1997, up to and including in or about 2009, in the Southern District of New York and elsewhere, EDWIN SEGARRA, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery and extortion conspiracy charged in Count One of this Information, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), and 2.)

## COUNT THREE

The United States Attorney further charges:

3.   From at least in or about 1997, up to and including in or about 2009, in the Southern District of New York and elsewhere, EDWIN SEGARRA, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

4.   It was a part and an object of the conspiracy that EDWIN SEGARRA, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute

2

controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

5. The controlled substances involved in the offense were: (1) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack"; (2) one kilogram and more of mixtures and substances containing a detectable amount of heroin; (3) five kilograms and more of mixtures and substances containing a detectable amount of cocaine; and (4) a quantity of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A)&(D).

(Title 21, United States Code, Section 846.)

COUNT FOUR

The United States Attorney further charges:

6. From at least in or about 1997, up to and including in or about 2009, in the Southern District of New York and elsewhere, EDWIN SEGARRA, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking conspiracy charged in Count Three of this Information, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and

abet the use, carrying, and possession of firearms, which were discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i) and 2.)

### COUNT FIVE

The United States Attorney further charges:

7. On or about March 4, 1999, in the Southern District of New York, EDWIN SEGARRA, the defendant, and others known and unknown, willfully and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted robbery of Jose Miguel Mendez for narcotics and narcotics proceeds, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, SEGARRA and other individuals not named as defendants herein caused the death of Jose Miguel Mendez, by discharging and aiding the abetting the discharge of a firearm at Mendez.

(Title 18, United States Code, Sections 924(j)(1) and 2.)

## COUNT SIX

The United States Attorney further charges:

8. On or about March 4, 1999, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, namely, a narcotics conspiracy to distribute and to possess with the intent to distribute more than five kilograms of cocaine and more than one kilogram of heroin, EDWIN SEGARRA, the defendant, and others known and unknown, intentionally and knowingly killed and counseled, commanded, inducted, procured, and caused the intentional killing of Jose Miguel Mendez and such killing resulted.

(Title 21, United States Code, Section 848(e)(1)(A),
Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

9. As a result of committing the Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951, alleged in Count One of this Information, EDWIN SEGARRA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

10. As a result of committing the controlled substance offense alleged Count Three of this Information, EDWIN SEGARRA, the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds he obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Three of this Information, including but not limited to a sum in United States currency representing the amount of proceeds obtained as a result of the offense.

### Substitute Assets Provision

11. If any of the forfeitable property described in paragraphs 9 and 10 of this Information, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981,
Title 28, United States Code, Section 2461,
Title 18, United States Code, Section 1951, and
Title 21, United States Code, Sections 841(a)(1) and 853.)

*[signature: Preet Bharara]*

PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

EDWIN SEGARRA

Defendant.

---

INFORMATION

S1 09 Cr. 769 (PAC)

(18 U.S.C. §§ 2, 924(c)(1)(A)(I),
924(c)(1)(C)(i), 924(j)(1), 1951, and 21
U.S.C. §§ 846 and 848(e)(1)(A).)

PREET BHARARA
United States Attorney.

---